IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2018

**WILLIE L. PEGUES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 91-01420    Mark Ward, Judge**

_____

**No. W2018-00830-CCA-R3-PC**
_____

The Petitioner, Willie L. Pegues, appeals from the Shelby County Criminal Court's dismissal of his petition pursuant to the Post-Conviction DNA Analysis Act. The post-conviction court denied relief on the basis that, although the Petitioner requested various forms of scientific analysis, his claim was not cognizable because he had not requested DNA analysis. On appeal, the Petitioner contends that the court erred in dismissing his petition because the scope of the forensic testing authorized by the statute is not limited to DNA analysis. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Willie L. Pegues, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; Tracye Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner is serving a life sentence for a 1990 first degree felony murder. *See State v. Willie L. Pegues*, No. 02C01-9202-CR-00040, 1994 WL 68375, at *1 (Tenn. Crim. App. Mar. 9, 1994), *perm. app. denied* (Tenn. July 5, 1994). In 2018, he filed a petition pursuant to the Post-Conviction DNA Analysis Act of 2001 (the Act), Tennessee Code Annotated sections 40-30-301 to -313, seeking lumber analysis, luminol test analysis, blood spatter analysis, forensic autopsy analysis, crime scene reconstruction

analysis, and false confession analysis. He did not seek DNA analysis. The post-conviction court did not conduct a hearing on the petition and instead filed a written order summarily dismissing the petition because it failed to state a cognizable claim under the Act.

The Act provides that persons convicted of first degree murder, among other offenses,

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

T.C.A. § 40-30-303 (2018).

Despite the language of the Act, the Petitioner contends that the testing he has requested is available pursuant to the Act. He acknowledges that this court has said that the Act contemplates only DNA testing but not other forms of scientific analysis. *See Bondurant v. State*, 208 S.W.3d 424, 431 (Tenn. Crim. App. 2006) ("The plain, clear, and unambiguous language of the statutes at issue in this case allow for DNA analysis, but not additional serological testing."); *Earl David Crawford v. State*, No. E2002-02334-CCA-R3-PC, 2003 WL 21782328, at *3 (Tenn. Crim. App. Aug. 4, 2003) ("The statute does not authorize the trial court to order the victim to submit new DNA samples years after the offense nor does the statute open the door to any other comparisons the petitioner may envision."), *perm. app. denied* (Tenn. Dec. 22, 2003). He argues that *Powers v. State*, 343 S.W.3d 36, 49-50 (Tenn. 2011), abrogated this court's decisions in *Bondurant* and *Earl David Crawford* and that, as a result, the post-conviction court erred in dismissing his claim as not cognizable under the Act.

The petitioner in *Powers* sought DNA testing of evidence from his 1980 offenses and comparison of the results to a DNA database on the basis that he could establish his innocence if the DNA results matched another DNA profile in the database. *Powers*, 343 S.W.3d at 39. The post-conviction court denied relief, and this court held "that DNA analysis was limited to a comparison between the petitioner's DNA and that collected as a part of the evidence in the case." *Id.* The supreme court held that access to the DNA database was permitted pursuant to the Act "if a positive match between the crime scene DNA and a profile contained within the database would create a reasonable probability that a petitioner would not have been prosecuted or convicted if exculpatory results had been obtained or would have rendered a more favorable verdict or sentence if the results had been previously available." *Id.* In reaching its conclusion, the *Powers* court abrogated the *Earl David Crawford* holding that the only DNA analysis permitted by the

-2-

Act was that "'which compares the petitioner's DNA samples to DNA samples taken from biological specimens gathered at the time of the offense if all four statutory criteria [of the Act] are met.'" *See id.* at \*49 (quoting *Earl David Crawford*, 2003 WL 21782328, at \*3). Although the *Powers* court took a more expansive view of the scope of the Act regarding DNA testing than this court had previously, the *Powers* court did not address an interpretation of the Act that would permit non-DNA scientific testing. The Petitioner contends that *Powers* abrogated *Bondurant*, as well. However, *Powers* did not specifically address *Bondurant*. *See id.*

Therefore, we reject the Petitioner's argument that *Powers* stands for the proposition that the Act should be construed beyond its explicit language permitting testing of DNA evidence in certain circumstances. The Act does not authorize non-DNA scientific testing. Because none of the forms of scientific testing the Petitioner sought involved DNA analysis, the post-conviction court did not err in dismissing his petition. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE